UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHARLES McCOY,

       Plaintiff,                                 Case No. 2:06-cv-262
                                                JUDGE GREGORY L. FROST
   v.                                            Magistrate Judge Norah McCann King

ANTHONY W. SHEPHERD, et al.,

       Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of a motion to dismiss (Doc. # 15) filed by Defendants, Anthony W. Shepherd, April D. Martin, Mark Emde, and William Tittle, a memorandum in opposition (Doc. # 17) filed by Plaintiff, Charles McCoy, and a reply memorandum filed by Defendants (Doc. # 18).  For the reasons that follow, the Court finds the motion not well taken.

### I.  Background

In his Complaint–the factual contentions of which the Court accepts as true for the present inquiry[1]–Plaintiff, Charles McCoy, asserts that he was arrested in his home on June 25, 2004 by three City of Heath police officers.  Plaintiff contends that in the course of making this arrest, Sergeant April D. Martin, Officer Marke Emde, and Officer William Tittle applied excessive force that resulted in injuries and violation of his civil rights.[2]

---

[1] The Court has not and does not include in its analysis the fuller account of the facts set forth in the memorandum in support of the motion to dismiss.  (Doc. # 15, at 2-3.)

[2] The Complaint (Doc. # 4) does not include Emde's first name and does not identify Tittle, but Plaintiff subsequently provided these names via amendment.  (Docs. # 7, 8.)

1

In February 2006, Plaintiff filed two complaints over the incident, one with Heath Police Chief Anthony W. Shepherd and one with the internal affairs unit of the City of Columbus Police Department. After neither complaint apparently produced the desired results, Plaintiff initiated the instant *pro se* action in this Court on April 11, 2006. Plaintiff seeks monetary damages or, alternatively, official reprimands against the named defendants.[3] Defendants responded to Plaintiff's Complaint by filing a motion to dismiss. (Doc. # 15.) The parties have completed briefing on the motion, and the motion is now ripe for disposition.

## II. Discussion

### A. Standard Involved

Defendants move to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Rule 12(b)(1) provides that an action may be dismissed for lack of subject matter jurisdiction. Under the Federal Rules of Civil Procedure, "[p]laintiffs have the burden of proving jurisdiction in order to survive a Rule 12(b)(1) motion ...." *Weaver v. Univ. of Cincinnati*, 758 F. Supp. 446, 448 (S.D. Ohio 1991) (citing *Moir v. Greater Cleveland Reg'l. Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)). *See also Rapier v. Union City Non-Ferrous, Inc.*, 197 F. Supp. 2d 1008, 1012 (S.D. Ohio 2002) (citing *McNutt v. General Motors Acceptance Corporation of Indiana, Inc.*, 298 U.S. 178, 189 (1936); *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986)) ("The plaintiff bears the burden of establishing, by a preponderance of the evidence, the existence of federal subject matter jurisdiction"). Moreover, this Court may resolve any factual disputes when adjudicating a defendant's jurisdictional challenge. *See Moir*,

---

[3] The Court recognizes that Plaintiff has since moved to amend his monetary request to a larger amount, "so as to eliminate any and all jurisdictional argument that the defendants keep raising as an issue." (Doc. # 21.) That motion remains pending.

895 F.2d at 269.

In contrast to Rule 12(b)(1), Rule 12(b)(6) requires an assessment of whether a plaintiff has set forth claims upon which relief may be granted.  For the purposes of the analysis under Rule 12(b)(6), a court must construe the complaint in favor of the plaintiff, accept the factual allegations contained in the complaint as true, and determine whether the plaintiff can prove no set of facts in support of his or her claims.  *Goad v. Mitchell*, 297 F.3d 497, 500 (6th Cir. 2002) (citing *Kostrzewa v. City of Troy*, 247 F.3d 633, 638 (6th Cir. 2001)); *Weaver*, 758 F. Supp. at 448 (citing *Jones v. Sherrill*, 827 F.3d 633, 638 (6th Cir. 2001)).  In other words, "a complaint will be dismissed pursuant to Rule 12(b)(6) only if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief."  *The Limited, Inc. v. PDQ Transit, Inc.*, 160 F. Supp. 2d 843, 843 (S.D. Ohio 2001) (citing *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978)).

Although *pro se* complaints are not subject to the same standard as those prepared by an attorney, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), such complaints must still meet the basic, minimal pleading requirements, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).  A *pro se* plaintiff must assert more than bare legal conclusions or unwarranted factual inferences in order to overcome a motion pursuant to Rule 12(b)(6).  *See Gregory v. Shelby County, Tennessee*, 220 F.3d 433, 446 (6th Cir. 2000).

**B.  Analysis**

Defendants first argue that dismissal is appropriate under Rule 12(b)(1) because Plaintiff's Complaint fails to assert a proper basis for the exercise of federal jurisdiction under either 28 U.S.C. § 1331 (federal question jurisdiction) or 28 U.S.C. § 1332 (diversity

jurisdiction).  Because the former contention is incorrect, the Court need not and does not reach the second ground for dismissal.

Defendants argue that "Plaintiff fails to assert any claims in his Complaint which arise under the Constitution, laws, or treaties of the United States."  (Doc. # 15, at 4.)  Plaintiff's pleading twice makes reference to the application of "excessive force" in the course of his arrest, however, and he states that Defendant Shepherd declined to investigate his departmental complaint over the allegations and declined to view alleged photos detailing Plaintiff's injuries. (Doc. # 4, at 3.)

Contrary to Defendants' argument, both contentions serve to provide notice to Defendants of a federal claim under 42 U.S.C. § 1983.  Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983.  Thus, in order to assert valid § 1983 claim, Plaintiff must show that, while acting under color of state law, Defendants deprived him of a right secured by the Federal Constitution or laws of the United States.  *See Alkire v. Irving,* 330 F.3d 802, 813 (6th Cir. 2003).  It is well settled that allegations of excessive force and failure to investigate fall within the rubric of § 1983 claims.

Regardless of whether Plaintiff has specifically identified the source of his constitutional protections or the specific statute presenting his cause of action, he has implicated a constitutional prohibition to excessive force.  Defendants' convenient contentions that no federal cause of action has been pled here are curiously suspect given the well settled rule that "[i]f the

4

plaintiff was a free person at the time of the incident and the use of force occurred in the course of an arrest or other seizure of the plaintiff, the plaintiff's claim arises under the Fourth Amendment and its reasonableness standard." *Phelps v. Coy*, 286 F.3d 295, 299 (6th Cir. 2002) (citing *Graham v. Connor*, 490 U.S. 386, 395 (2002)).  Because the Fourth Amendment applies to protect a suspect during arrest, officers' actions are subject to the reasonableness standard. *See id*. at 302.  Plaintiff's excessive force allegations thus describe a potential Fourth Amendment claim that is actionable under § 1983.  *See Burr v. Burns*, NO. C2-04-1118, 2005 WL 1969532, at *6 (S.D. Ohio Aug. 12, 2005) ("Because the alleged use of force occurred during the course of Plaintiff's arrest, the claim must be judged under Fourth or Fourteenth Amendments, rather than Eighth Amendment, standards").

Plaintiff has also pled, inartfully, a bald assertion of a failure-to-investigate claim.  Section 1983 encompasses those claims when a failure to investigate or discipline amounts to a "ratification" of improper police conduct.  *Dyer v. Casey*, 72 F.3d 129, 1995 WL 712765, at *2 (6th Cir. 1995) (unpublished table decision).

Because Plaintiff has alleged facts that could support a Fourth Amendment violation, and because the Court must construe his Complaint under a less-stringent standard, the Court concludes that Plaintiff does in fact assert a constitutionally-based § 1983 cause of action against Defendants Martin, Emde, and Tittle when he alleges excessive force in his pleading.  Similarly, by asserting Defendant Shepherd's failure to investigate the allegations, Plaintiff pleads a potentially viable § 1983 cause of action against the police chief.  Having reached these conclusions, the Court finds that Plaintiff has pled federal causes of action that create original or federal question jurisdiction under 28 U.S.C. § 1331.  The Court therefore **DENIES** that portion

of the motion to dismiss predicated on Rule 12(b)(1).

As noted, however, Defendants also move to dismiss under Rule 12(b)(6). They argue that "Plaintiff's Complaint in this matter does not contain the requisite factual allegations to support Plaintiff's claim for relief and this Honorable Court ... is not required to accept as true unwarranted legal conclusions and/or factual allegations. Therefore, Plaintiff's Complaint fails to state a claim against the Defendants and should be dismissed." (Doc. # 15, at 5-6.)

This dearth of analysis fails to persuade the Court. Accepting the admittedly spartan factual allegations of Plaintiff's pleading as true, the Court recognizes that he has loosely described both an arrest in which he sustained allegedly unwarranted injuries and a potentially unwarranted refusal to investigate. Although the Complaint certainly lacks much detail, the Court hesitates to conclude that Plaintiff can prove no set of facts in support of his claims.

This is not to say that Plaintiff will prevail on his claims or that his case will survive a subsequent dispositive motion. Rather, based on a fair reading of Plaintiff's Complaint–in light of the goals of notice pleading and the Civil Rules' admonitions to construe pleadings and the rules to do substantial justice[4]–the Court holds that Plaintiff has alleged just-sufficient facts permitting the continued survival of his claims. The Court thus also **DENIES** that portion of the motion to dismiss predicated on Rule 12(b)(6).[5]

---

[4] Rule 8(f) provides that "[a]ll pleadings shall be construed as to do substantial justice" and Rule 1 states that the rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1, 8.

[5] Having concluded that the Complaint survives the Rule 12(b)(1) and 12(b)(6) challenges, the Court declines to regard the pleading as frivolous under 28 U.S.C. § 1915 as Defendants urge. (Doc. # 15, at 6.)

### III.  Conclusion

For the foregoing reasons, the Court **DENIES** the motion to dismiss.  (Doc. # 15.)

**IT IS SO ORDERED**.

                                                        /s/ Gregory L. Frost
                                         GREGORY L. FROST
                                         UNITED STATES DISTRICT JUDGE