IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHARLES McCOY,

    Plaintiff,

  vs.                                  Civil Action 2:06-CV-262
                                            Magistrate Judge King

ANTHONY W. SHEPARD, *et al.*,

    Defendants.

## OPINION AND ORDER

        Plaintiff, proceeding *pro se,* initiated this action under 42 U.S.C. §1983, alleging that he was subjected to excessive force during the course of his June 2004 arrest by three police officers of the City of Heath. On April 24, 2009, this Court denied plaintiff's motion for summary judgment and granted defendants' motion for summary judgment. *Opinion and Order,* Doc. No. 102; *Judgment,* Doc. No. 103. This matter is now before the Court on plaintiff's motions to reopen the case, Doc. Nos. 104, 106.

        In denying plaintiff's motion for summary judgment, the Court noted that plaintiff's motion was "not supported by any affidavit, declaration or other evidentiary materials." *Opinion and Order,* p.3, Doc. No. 102. In his motions to reopen, plaintiff asserts that he "didn't know I had to re-supply the court with my evidence and summary judgment. I submitted concreted [sic] tangible proof of my allegations. That was in April of 2006." *Motion to Reopen Case*, p.1, Doc. No. 104.

        Although it is not entirely clear to what "tangible proof" plaintiff refers, the Court has reviewed plaintiff's filings from April 2006. The *Complaint*, Doc. No. 4, is supported by several documents, including a history of criminal charges filed against plaintiff and relating to the incident at issue in this case. Although, as plaintiff

notes, those charges do not include a charge of resisting arrest, it appears that plaintiff was in fact convicted of assault for which he was sentenced to 180 days in jail, Doc. No. 4, p.9, and disorderly conduct for which he was sentenced to 30 days in jail, *id.,* p.10. Doc. No. 5 is a statement by Marcia McCoy who asserts that she took the attached photographs to support plaintiff's allegations of excessive force.

Considering plaintiff's motions liberally, *see Haines v. Kerner,* 404 U.S. 519, 520-21 (1972), the Court receives plaintiff's motions as motions for relief from judgment under F.R. Civ. P. Rule 60(b),[1] which authorizes relief from judgment for "mistake, inadvertence, surprise or excusable neglect." F.R. Civ. P. 60(b)(1).

Having considered the evidentiary materials submitted by plaintiff in connection with this case, the Court is not persuaded that his motion for summary judgment was improperly denied, that the defendants' motion for summary judgment was improperly granted or that the judgment in favor of defendants was entered in error.

Accordingly, plaintiff's motions to reopen the case, Doc. Nos. 104, 106, are **DENIED.**

October 26, 2009          *s/Norah McCann King*
        Norah M<sup>c</sup>Cann King
        United States Magistrate Judge

---

[1] Rule 60(a) authorizes relief from judgment based on a clerical error. It does not appear that plaintiff's motions are based on a clerical error.